# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Case No. 08-12606 (BLS) |
| VERASUN ENERGY CORPORATION, et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |
|  | **Related Docket No.: 1799** |

## ORDER PURSUANT TO 11 U.S.C. § 502(b), FED. R. BANKR. P. 3007, AND LOCAL RULE 3007-1 DISALLOWING AND EXPUNGING (A) DUPLICATE CLAIMS, (B) ASSUMED AND ASSIGNED CLAIMS, AND (C) AMENDED AND REPLACED CLAIMS IDENTIFIED IN THE DEBTORS' NON-SUBSTANTIVE FOURTH OMNIBUS CLAIMS OBJECTION

### ("FOURTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon consideration of the Debtors' Non-Substantive Fourth Omnibus Objection to Claims Pursuant To 11 U.S.C. § 502(b), Fed. R. Bankr. P. 3007, and Local Rule 3007-1 To Certain (A) Duplicate Claims, (B) Assumed and Assigned Claims, and (C) Amended and Replaced Claims dated September 10, 2009 (the "Fourth Omnibus Claims Objection"),[2] of VeraSun Energy Corporation ("VeraSun") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon

---

[1] The Debtors consist of: VeraSun Energy Corporation (EIN: 20-3430241); ASA OpCo Holdings, LLC (EIN: 68-0609122); US BioEnergy Corporation (EIN: 20-1811472); VeraSun Albert City, LLC (EIN: 20-2264707); VeraSun Albion, LLC (EIN: 55-0907221); VeraSun Aurora Corporation (EIN: 46-0462174); VeraSun BioDiesel, LLC (EIN: 20-3790860); VeraSun Bloomingburg, LLC (EIN: 55-0907224); VeraSun Central City, LLC (EIN: 55-0816855); VeraSun Charles City, LLC (EIN: 20-3735184); VeraSun Dyersville, LLC (EIN: 26-3594945); VeraSun Fort Dodge, LLC (EIN: 42-1630527); VeraSun Granite City, LLC (EIN: 20-5909621); VeraSun Hankinson, LLC (EIN: 20-2852457); VeraSun Hartley, LLC (EIN: 20-5381200); VeraSun Janesville, LLC (EIN: 20-4420290); VeraSun Linden, LLC (EIN: 55-0907228); VeraSun Litchfield, LLC (EIN: 20-8621370); VeraSun Marion, LLC (EIN: 20-3477343); VeraSun Marketing, LLC (EIN: 20-3693800); VeraSun Ord, LLC (EIN: 75-3204878); VeraSun Reynolds, LLC (EIN: 20-5914827); VeraSun Tilton, LLC (EIN: 26-1539139); VeraSun Welcome, LLC (EIN: 20-4115888); VeraSun Woodbury, LLC (EIN: 20-0647425).

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Fourth Omnibus Claims Objection.

the record of the hearing held on the Fourth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A. Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, B, and C hereto was properly and timely served with a copy of the Fourth Omnibus Claims Objection, a Notice of Objection To Claim, the proposed order granting the Fourth Omnibus Claims Objection, and notice of the deadline for responding to the Fourth Omnibus Claims Objection. No other or further notice of the Fourth Omnibus Claims Objection is necessary.

B. This Court has jurisdiction over the Fourth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Fourth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Fourth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. The Claims listed on Exhibit A hereto under the heading "Duplicate Claim To Be Expunged" are Claims that arose when a Claimant filed Proofs of Claim against the same Debtor, in the same nature (e.g. secured, administrative, priority, or unsecured), and in the same amount (the "Duplicate Claims").

D. The Claims listed on Exhibit B hereto are Claims stemming from contracts or leases that have been assumed and assigned, and where the respective amounts of the liabilities represented by the Claims have already been cured pursuant to 11 U.S.C. § 365, or will

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

be cured by the relevant buyer, and thus are no longer the responsibility of the Debtors (the "Assumed and Assigned Claims").

E. The Claims listed on Exhibit C hereto under the heading "Amended Claim To Be Expunged" are Claims that have been amended and replaced by later-filed Claims (the "Amended and Replaced Claims").

F. The relief requested in the Fourth Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Each "Duplicate Claim To Be Expunged" listed on Exhibit A hereto is hereby disallowed and expunged in its entirety. Those Claims identified in Exhibit A as a "Remaining Claim Number" shall remain on the claims register, but shall remain subject to future objection by the Debtors.

2. Each "Assumed and Assigned Claim" listed on Exhibit B hereto is hereby disallowed and expunged in its entirety.

3. Each "Amended Claim To Be Expunged" listed on Exhibit C hereto is hereby disallowed and expunged in its entirety. Those Claims identified in Exhibit C as a "Remaining Claim Number" shall remain on the claims register, but shall remain subject to future objection by the Debtors.

4. Exhibit D sets forth each of the Claims referenced on Exhibits A, B, and C in alphabetical order by Claimant and cross-references each such Claim by (i) proof of claim number or schedule number and (ii) basis of objection.

5.      Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Fourth Omnibus Claims Objection.

6.      Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

7.      This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Fourth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

8.      Each of the objections by the Debtors to each Claim addressed in the Fourth Omnibus Claims Objection and attached hereto as Exhibits A, B, and C constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Fourth Omnibus Claims Objection. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

9.      The Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, is hereby directed to serve this order, including any relevant exhibits.

Dated: Wilmington, Delaware
       October 13, 2009

_____
Honorable Brendan L. Shannon
United States Bankruptcy Judge

4